## DOW LAW APPLIES TO THE SALE OF "BISHOP'S BEER."

STATE OF OHIO, EX REL GUILBERT, AUDITOR OF STATE, V. KAUFF-
MAN, AUDITOR OF MONTGOMERY COUNTY.

Decided, June 25, 1903—68 Ohio State, p. 635.

*Dow Law—Section 4364-9, Revised Statutes—Tax Laid on Liquor Busi-
ness—Law Applies to Malt Liquor.*

Section 4364-9, Revised Statutes, applies to the business of selling a
malt liquor or beverage which contains less than two per cent. of
alcohol and is not intoxicating.

Mandamus.

The petition is as follows:

"The relator is the duly elected, qualified and acting Auditor of State of the State of Ohio. The defendant, Thomas J. Kauffman, is the duly elected, qualified and acting Auditor of Montgomery County, Ohio.

"The relator represents that Clarence W. Brinkle and Leroy L. Reading are engaged as partners, under the firm name of Brinkle & Reading, in the sale of a malt liquor or beverage, commonly known as "Bishop's Beer," at No. 134 East Fourth street, in the city of Dayton, Montgomery county, Ohio, which malt liquor or beverage contains less than two per cent. of alcohol, and is not intoxicating.

"That said relator gave to the said defendant as county auditor aforesaid, information that such business was liable to assessment under the provisions of the act of May 9, 1902 (95 O. L., 463, 464, 465), entitled: 'An act to amend and supplement Section 4364-14 and to amend Section 4364-15, and to repeal an act passed April 16, 1900, relating to trafficking in spirituous, vinous, malt and any intoxicating liquors, entitled, an act to supplement Section 4364-9 of the Revised Statutes of Ohio, as amended February 20, 1896 (O. L., Vol. 93, page 24), and being Sections 4364-9a, 4364-9c (4364-9b, 4364-9c), 4364-9d, 4364-9e of the Revised Statutes of Ohio.'

"That said business had not been returned by any assessor, as provided by said act, and the said relator ordered and directed the said defendant to forthwith enter the same upon his duplicate, and

upon the county treasurer's copy thereof, so as to subject said business to the tax provided in said act, and the act to which the same is amendatory and supplementary, known as the Dow Law, but which the said defendant failed and has hitherto refused to do.

"Wherefor, the relator prays that a writ of mandamus issue by this court, commanding the said defendant as Auditor of Montgomery County, Ohio, to enter the same upon his duplicate, and upon the county treasurer's copy thereof, as subject to such tax."

Defendant demurs to the petition for the reason that it does not state facts sufficient to warrant the relief prayed for.

*J. M. Sheets,* Attorney-General, for plaintiff.

*Charles Kinney, Frank W. Howell* and *U. S. Marten,* for the defendant.

BY THE COURT.

BURKET, C. J., SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

Section 4364-9, Revised Statutes, imposed a tax on the business of trafficking in *any intoxicating* liquors, and also on the business of trafficking in spirituous, vinous or malt liquors. The generic term "malt liquors" includes both non-intoxicating and intoxicating malt liquors. The statute was declared to be constitutional in *Adler* v. *Whitbeck,* 44 Ohio St., 539, and in *Anderson* v. *Brewster,* 44 Ohio St., 576, 581. The petition therefore states facts sufficient to warrant the relief prayed for, and the demurrer is overruled and a peremptory writ of mandamus is awarded as prayed.

*Peremptory mandamus awarded.*