Murray v. Lafollette.


## NTOXICATING LIQUORS—WORDS AND PHRASES.

[Guernsey (7th) Circuit Court, April 23, 1909.]

Laubie, Cook and Metcalf, JJ.

### JOHN MURRAY v. J. A. LAFOLLETTE, TREAS.

1. SALE OF NONINTOXICATING LIQUORS NOT TAXABLE.

Section 1 of the Dow act, as amended 98 O. L. 99, imposing a tax of $1,000 upon the business of trafficking in "spirituous, vinous, malt or other intoxicating liquors," as distinguished from the previous sections, 85 O. L. 117 and 92 O. L. 34, imposing a tax upon the traffic in "spirituous, vinous, malt. or any intoxicating liquors," limits the tax to the traffic in intoxicating liquors only; hence, amendatory act 98 O. L. 99 imposes no tax upon the traffic in nonintoxicating malt liquors.

2. "OTHER". AS USED IN PHRASE "SPIRITUOUS, VINOUS, MALT OR OTHER INTOXI-CATING LIQUORS," HAS A DOUBLE MEANING.

The word "other" in the descriptive phrase. "spirituous, vinous, malt or other intoxicating liquors" means all intoxicating liquors other than those made from malt, and thus means and includes only such liquors made from malt as are intoxicating.

[Syllabus approved by the court.]

ERROR to Guernsey common pleas court.

J. F. Stockdale, for plaintiff in error.

C. S. Sheppard, for defendant in error.

LAUBIE, J.

The action was brought by the county treasurer to recover the tax imposed upon parties engaged in the business of trafficking in intoxicating liquors, claiming that Murray, defendant below and plaintiff here, was engaged in such business and therefore liable for this tax, and the court below so held.

There is an agreed statement of facts which, with the pleadings, constitute the record; and in that agreed statement of facts it is declared that the traffic in which this man was engaged was not in intoxicating liquors. He was selling Friedon malt beer, which it is agreed by the parties was not intoxicating. The claim of the defendant below, plaintiff in error, is that no tax under the statute could be levied upon the traffic in nonintoxicating malt liquor, and that is the question presented to us; and its settlement depends upon the construction to be given to the statute.

That statute, 98 O. L. 99, is an amendment of Sec. 1 of the Dow act "providing against the evils resulting from the traffic in intoxicat-

ing liquors," as amended February 20, 1896, which it changed in two respects in reference to the matter in question, and reads as follows:

"Upon the business of trafficking in spirituous, vinous, malt or other intoxicating liquors, there shall be assessed yearly, and shall be paid into the county treasury, as hereinafter provided, by every person, corporation, or copartnership engaged therein, and for each place where such business is carried on by or for such persons, corporations, or copartnership, the sum of $1,000."

One amendment is in regard to the amount of the tax, which it increased, and the other is in reference to the liquors trafficked in. Both of the former acts described them as "spirituous, vinous, malt, or any intoxicating liquors," with a comma after the words, "spirituous, vinous, malt," while in the present act they are described as "spirituous, vinous, malt or other intoxicating liquors" with no comma after the word "malt," so that the legislature, in thus altering the statute, must have intended to limit the tax to the traffic in intoxicating liquors only.

The Supreme Court (*State* v. *Kauffman*, 68 Ohio St. 635, 644 [67 N. E. Rep. 1062]) in construing Sec. 1, as amended February 20, 1896, did hold that malt liquor was of two kinds, intoxicating and nonintoxicating, and that those words in such section, to wit, "malt, or any intoxicating liquors," were so broad as to include both—that the generic term "malt liquors," included both. Since that decision was made and published this amendment was made changing the wording and punctuation of the statute, and it is fair to assume that the legislature thereby intended to change and limit the kind of liquor trafficked in, when it increased the tax so heavily in an effort to abolish the evils resulting from the traffic in *intoxicating* liquors. Undoubtedly it did mean a change so far as the amount of the tax is concerned, because it increased it, and the question now is whether or not the legislature intended to change the law in the other respect, in view of the ruling of the Supreme Court upon the original act, by changing the words "malt, or *any* intoxicating liquors," to "malt or *other* intoxicating liquors."

The word "other" has, and is entitled to and receives a double meaning in phrases of this character. It will, for example, include all other articles of the kind named, not theretofore specified, as where a number of intoxicating liquors are specifically named followed by the words "or other intoxicating liquors." Again, the use of the word in the phrase "spirituous, vinous, malt or other intoxicating liquors" illustrates the other meaning of the word "other." Where it is thus connected and coupled with words used as mere adjectives, then it

Murray v. Lafollette.

means that all the articles thus previously referred to, but not specifically named, are of the character generally described, to wit, "*intoxicating* liquors."

Article 2, Sec. 16, of the constitution provides that all acts of a general nature shall have but one subject, and that such subject shall be expressed in the title of the act. "These titles are part of the statutes, and are to be considered in arriving at the intent of the legislature." *Harris* v. *State*, 57 Ohio St. 94 [48 N. E. Rep. 284]. If, therefore, there were any doubt upon the question here, whether or not the word "malt" as here used means both characters of liquors, intoxicating and nonintoxicating, then the court would look to the title itself in order to enable it to find and ascertain what meaning the legislature intended by such word; and here, if there be any doubt about it, the title of this act removes all such doubt.

It is entitled "An act providing against the evils resulting from the traffic in intoxicating liquors," and the act itself refers solely to *intoxicating* liquors, which would seem to indicate pretty clearly that the legislature intended to impose the tax solely upon traffic in *intoxicating* liquors. The subject-matter of this, the Dow act, as expressed in the body of the act as well as in the title, is *intoxicating* liquors, with the expressed purpose and design of abolishing "the evils resulting from the *traffic* in *intoxicating* liquors," and how can anyone conceive, from the use of such language, defining expressly the *subject* and *purpose* of the act, that the legislature intended to, or did, impose the tax upon the traffic in *non*-intoxicating liquors.

But the words of the section in question: "Upon the business of trafficking in spirituous, vinous, malt or *other* intoxicating liquors" need no such help in their construction. There is a comma after "spirituous" and after "vinous" but none after "malt." It is connected directly and coupled with the words "or *other intoxicating* liquors."

Where in a statute of this character an article is particularly specified and named, to which is attached a well understood meaning, there might be a different construction put upon it, and there has been in such a case by the Supreme Court of this state. But here, "spirituous, vinous, malt" what are they? Spirituous what? Vinous what? Malt what? We know not, disregarding the title of the act, until we reach the words defining the subject-matter of the act, "intoxicating liquors," the traffic in which is to be taxed. Then we know that the articles are spirituous *intoxicating* liquors, vinous *intoxicating* liquors, malt *in-*

*toxicating* liquors. "Spirituous," "vinous," "malt" are adjectives as. thus used, and do not define any special article standing alone. Malt is a grain, commonly known as barley. Would anyone contend the legislature intended to tax trafficking in barley? As here used it is a mere adjective and was not intended to name the article trafficking in which was to be taxed.

In *Cincinnati, L. & S. Tpk. Co.* v. *Neil,* 9 Ohio 11, where the question was as to toll, this part of the provision was before the court for construction, "for every coach, chariot, or other four wheeled pleasure carriage;" and it was claimed that a stage coach was not a "pleasure carriage" and that the act included only pleasure carriages. Now the word "coach" is a noun and was thus used as such, and specified a definite article. The court says in this connection:

"It is contended the word *other,* in the clause of the act describing these vehicles, refers to coach as well as chariot, and the substantive chariot, used in the sentence adjectively, qualifies coach, and carries with it the signification of *pleasure coach.* We do not so understand it. Coach forms a distinct member of the sentence; chariot then intervenes; and this Johnson defines *a half coach* with four wheels, used for convenience and pleasure. Then follow the words *other four wheeled pleasure carriage;* and chariot and carriage are coupled directly by the disjunctive *or,* intended to comprehend all pleasure carriages, other than chariots, but having no relation to coaches. We would not oppose the mere grammatical construction of a sentence, to the obvious meaning of the legislature; but both concur here. A *mail* coach and a *stage* coach, are nevertheless *coaches.* A coach is the description in the act. The defendants' coaches are run on the road with the mail and with passengers, and must pay the toll assessed upon coaches."

So that the term "coach" was held to be a distinct member of the sentence and not used adjectively and of itself defined a certain kind of vehicle. Do the words "spirituous, vinous, or malt," as here used, define a specific article? Here malt and the words "other intoxicating liquors" are coupled directly together by the disjunctive word "or," intending to include all intoxicating liquors other than those *made from malt,* and thus meaning and including only such liquors made from malt as are intoxicating.

Neither spirituous, vinous nor malt, standing alone defines any special article, and disregarding the title of the act, it cannot be told what article is meant by the legislature until the words "intoxicating liquors" are reached.

Murray v. Lafollette.

In *Myers* v. *Seaberger,* 45 Ohio St. 232, 235, the court says:

"The rule as above stated is qualified as to 'money' by Sec. 2734 Rev. Stat. By this section every person of full age and sound mind is required to list for taxation 'all moneys invested, loaned, or otherwise, controlled by him, as agent or attorney, or on account of any other person or persons.' * * * The agent of the defendant had no power to loan or invest money for her in this state. His duties were confined to the collection of that which had been loaned, and transmitting it to his principal as fast as it was collected. The phrase, 'or otherwise controlled by him,' must be construed to mean, in a manner similar to the loaning and investing of money; for it is a settled rule of construction that, in accordance with the maxim *noscitur a sociis,* the meaning of a word may be ascertained by reference to the meaning of words associated with it; and again, according to a similar rule, the coupling of words together shows that they are to be understood in the same sense."

Both of these maxims—*noscitur a sociis,* and *ejusdem generis*—apply to the case here.

Here "malt or other intoxicating liquors" are coupled together. Neither spirituous, vinous nor malt is a distinct part of the sentence, but are coupled with, and their meaning can be ascertained only by reference to the words "or other intoxicating liquors," so that, under these rules, where all are associated together, are combined together, they frame but one intent, purpose and meaning, and that is to levy a tax upon trafficking in *intoxicating liquors,* as specified in the title.

We can see no good reason why this case should not be reversed, there being no dispute, but it being agreed, as to the facts, that the trafficking in malt by defendant below was not in intoxicating malt, but in nonintoxicating, and the petition of the plaintiff below will be dismissed at his costs.

**Cook** and **Metcalf, JJ.,** concur.