## ROSE LAW NOT PROHIBITIVE OF THE SALE OF NON-INTOXICATING MALT LIQUORS.

Circuit Court of Fulton County.

AUGUST WALDER v. STATE OF OHIO.[*]

Decided, October 30, 1909.

*Liquor Laws—Prosecution for Sale of Near Beer Containing a Very Small Proportion of Alcohol—Non-Intoxicating Liquors. not Proscribed by the Rose Law—Evasions of the Rose Law—Discretion in the Matter of Sentence—Constitutional Law.*

Non-intoxicating malt liquors are not within the proscriptions of the act (99 O. L., 35) for the sale or furnishing of which in Rose county local option territory one may be prosecuted and convicted; intoxicating liquors only come within the inhibitions of this act.

*J. P. Ragan,* for plaintiff in error.

*F. H. Wolf,* Prosecuting Attorney, and *W. B. Wheeler,* contra.

WILDMAN, J.; PARKER, J., and KINKEAD, J., concur.

Error to Fulton Common Pleas Court.

We have four cases, proceedings in error, presented to us, each entitled *Walder* v. *State,* numbered respectively 132, 138, 139, 140. The last three mentioned stand upon practically the same contentions, but the first one, No. 132, involves a different and very important question. These prosecutions are under the so-called Rose law (99 O. L., 35), the statute enacted providing for county local option in the state. Under its provisions a vote was taken in this county, and by a majority of the electors it was made unlawful to sell intoxicating liquors within the boundaries of Fulton county.

The consideration of the first case mentioned, No. 132, relates to the character of a certain beverage conceded to have been sold by the defendant below, the present plaintiff in error. He sold what was called near beer; was convicted for its selling and sentenced accordingly by the court of common pleas of this county.

---

[*] For a similar holding in a common pleas court, see *Graham* v. *State,* 9 N. P.—N. S., 174.

He insists that this so-called near beer was a non-intoxicating beverage. That if it contained any alcohol, it was in a very slight quantity, not to exceed two-tenths of one per cent. There is perhaps some evidence indicating that it may have contained more alcohol, but there is nothing very definite with regard to that. The affidavit or information upon which he was tried asserts that it contained forty-nine hundredths per cent. alcohol and no more. The affidavit does, however, allege that it was an intoxicating liquor, to-wit, a malt liquor, containing the percentage of alcohol. mentioned.

The defendant in error contends that it is not necessary under the county option law, in seeking a conviction of an alleged violation of its provisions, to show that the malt liquor sold as a beverage was in fact intoxicating.

This is the issue presented which has been deemed of sufficient importance to warrant at our hands very careful study of the arguments made orally and by brief of counsel both for plaintiff and defendant.

A very elaborate written argument is presented by counsel for defendant in error citing adjudications in several jurisdictions, holding therein not only that the legislative bodies of the different states have the power to prohibit the sale of non-intoxicants in furtherance of an effort to provide against the evils resulting from the traffic in intoxicants and also that the legislatures have attempted to exercise such power. It is contended, so far as our statute is concerned, that the Legislature in the Dow tax law as originally enacted provided for a tax upon malt liquor whether intoxicating or not, and that the case of *State* v. *Kauffman,* 68 Ohio St., 635, sustains that contention; the decision being that Section 4364-9, Revised Statutes, applies to the business of selling a malt liquor as a beverage which contains less than two per cent. of alcohol and is not intoxicating. The language of the statute as then in force was not very dissimilar to the language of the statute defining the liquors prohibited to be sold under the local option law, but the language is not precisely the same. The original act which has been since amended is found in 92 O. L., 34. Section 1 of that act provides that upon the business of trafficking in "spirituous, vinous, malt or any intoxicating

liquors'' there shall be assessed a certain tax. The Supreme Court held that the Legislature had thereby provided for a tax not only upon intoxicating liquors, but also upon spirituous, vinous and malt liquors even if they were not intoxicating. And the contention of the defendant in error here is, that the language of the present enactment as to county option is so nearly identical with the language found in the Dow law as originally enacted, the language of which I have just read, that our present act as to prohibition in counties upon vote of the people is to be construed in the same way as an enactment that after a vote of the people to prohibit in the counties it is made unlawful to sell malt liquors even if they are not intoxicating.

This contention might be based upon one or two or three grounds. It might be treated as a claim that the Legislature had made by law a conclusive presumption that all malt liquors are intoxicating or, second, that the Legislature, in the effort to provide against the evils resulting from the traffic in intoxicating liquors, in order to prevent shifts, devices, subterfuges, enabling guilty persons to escape from the consequences of the law, had provided against sales of all malt liquors because of the usual fact that malt liquors do contain alcohol in sufficient quantities to ᵒproduce intoxication. In some jurisdictions the principle upon which it has been held that laws can prohibit the sales of non-intoxicants is that they so nearly resemble some of the intoxicating liquors·that the buyers are liable to be deceived; or in other cases that they may· be led into the habit of indulgence in intoxicating liquor even when there is not sufficient percentage of alcohol in the liquor to cause intoxication, but some alcohol which might induce the habit of drinking. It is perhaps not necessary to review the various reasons upon which this claim has been in some jurisdiction sustained, because a careful examination of our county option law, the Rose law, as it seems to us, disposes of the question without dependence upon the adjudications in other states. We may arrive, we think, at an understanding of the intent of the Legislature by a critical examination of the statute which that Legislature has enacted. We do not deem it necessary and will not attempt to pass upon the question whether the Legislature of Ohio may, either under its

broad general power to pass laws not prohibited under the Constitution of the state or under that provision of the state Constitution that the Legislature may enact laws to provide against the evils resulting from the liquor traffic, prohibit the sale of liquors bearing some resemblance to alcoholic and intoxicating liquors which are not such in fact; but we will address ourselves to the query as to whether under this Rose law the Legislature has attempted to do anything of the kind.

This act is entitled, "Further to provide against the evils resulting from the traffic in intoxicating liquors by providing for local option in counties."

Upon the theory of counsel for defendant in error that the Legislature may provide against the evils resulting from the traffic in intoxicating liquors by prohibiting the traffic in similar liquors not intoxicating under some circumstances, the matter in question is not determined by the title of the act because the title of the act would have application to any other kind of sales, either to sales of intoxicants or sales of other things deemed by the Legislature necessary to be prohibited in order to make effectual the provision against the evils resulting from the traffic. But there is other language in the law, which, it seems to us, points more clearly to the specific intent of the Legislature.

In Section 1 of the act it is provided, that whenever a certain percentage of the qualified electors of a county shall petition for the privilege to determine by ballot whether the sale of *intoxicating* liquor as a beverage shall be prohibited within the limits of such county, that then certain proceedings shall be followed, and it is provided that if the record of the election which is taken shows that a majority of the votes cast at said election was against the sale of *intoxicating* liquors as a beverage it shall be *prima facie* evidence that selling, furnishing or giving away of *intoxicating* liquors as a beverage or the keeping of a place where such liquors are sold, etc., was then and there prohibited and unlawful.

Section 2 of the act provides for the form of ballot submitted to the voter upon which they are to exercise their choice in the issue which is to be submitted to them at the election. On the one side they are furnished with ballots providing in terms that the sale of *"Intoxicating* liquors as a beverage shall be pro-

hibited"; on the other that the sale of *"Intoxicating* liquors as a beverage shall not be prohibited." Then it is said in the same section that if the majority of the votes cast at such election shall be in favor of prohibiting the sale of *intoxicating* liquors as a beverage that after a certain time it shall be unlawful for any person, personally, or by agent, within the limits of such county, to sell, furnish or give away *intoxicating* liquors to be used as a beverage or to keep a place where such liquor is kept for sale, given away or sold.    It is provided further, that whoever from and after the date mentioned, the lapse of time mentioned from the election, sells, furnishes, or gives away, or otherwise deals in *intoxicating* liquors as a beverage or does certain other things, shall be punished in the way prescribed by statute; then comes the section that throws the doubt or has thrown doubt in the minds of contending parties as to the real meaning of the Legislature.    It is Section 3:

"The phrase intoxicating liquors as used in this act shall be construed to mean any distilled, malt, vinous or any intoxicating liquor whatever."

And the question is:    Does the term "any intoxicating liquor" apply to something of a different kind from that which has been included in the previous expression, or is it a generic term meant to enlarge what has been said before, so as to make the section, properly understood, read: The phrase intoxicating liquor, as used in this act shall be construed to mean any distilled, malt, vinous or any other kind of intoxicating liquor? In the Dow law, as it reads at present, the word "other" has been inserted by the Legislature, that is to say, the act, 92 O. L., 34, which I have already read, has received subsequent amendment, evidently to meet the construction which had been put upon it by the Supreme Court in *State* v. *Kauffman, supra,* so as to relieve the traffic in non-intoxicating malt, vinous and spirituous liquors from the burden of taxation.

In Section 4 of the Rose law, the county option act, we have this provision, that "when any person, company or corporation has discontinued such traffic in accordance with the provisions of this act, within the time specified by Section 2 of this act, and has paid or is charged upon the tax duplicate with an assessment

upon such traffic, the county auditor, upon being satisfied of such fact, shall issue to such person, company or corporation a refunding order of an amount proportionate with the unexpired time for which said assessment has been paid.

Now in reading Section 4 of this local option law which provides for the refunding order of a proportionate amount of the tax which has been paid when the person discontinues the traffic, it seems impossible to avoid the conclusion that the Legislature deemed that they were dealing with the same kind of traffic in the local option law that had been dealt with in the tax law. The Rose law was passed after the amendment of the tax law which had been changed, as I have said, so as to place its burden upon intoxicating malt liquors, spirituous, vinous, and other liquors only, relieving traffic from any burden upon non-intoxicants.

We greatly appreciate the force of the argument that to permit the sale of liquor bearing close resemblance to intoxicating liquors in a county which has voted to prohibit under the provisions of this law, may oftentimes make convictions difficult; may sometimes afford loopholes for escape by tricky and cunning device; but notwithstanding that fact, it is our duty under the law to do justice, not forgetting rules of construction of penal enactments. Whatever the consequences may be, without regard to the power of the Legislature, without regard to the policy of the Legislature, whether the law has been wisely enacted or whether it has not, it is the duty of the courts to construe the laws as they find them. And construing the law as well as we have been able to do it, from an examination of its terms in the light of the authorities and the other enactments on the liquor question in the state of Ohio, we have been forced to the conclusion that this local option law does not permit the conviction of a person for selling a liquor which is not intoxicating.

There is no claim that the evidence in this first case at bar which I have been considering discloses any sale of liquor which is intoxicating. The affidavit, the complaint, does charge, to be sure, the sale of intoxicating malt liquor; but the evidence, as conceded by counsel for the state, does not show the malt liquor called near beer to have been intoxicating at the time when it was sold as charged in the complaint. Indeed, the trial court,

the judge to whom the case was submitted without the intervention of a jury, substantially held that the evidence did not disclose that the liquor was intoxicating. Perhaps he expressed himself a little more strongly in the other direction, but he took the position evidently that it was not essential to a conviction that the intoxicating character of the liquor should be shown.

Our judgment is that the conclusion was not justified, and upon this ground it will be reversed.

Another point was raised in the argument of counsel for plaintiff in error and that is that the law itself is unconstitutional, for certain reasons, especially that it deprives or may deprive a person accused of a crime of a trial by jury. This question we think has been fully settled in favor of the validity of the law in the case of *Carey* v. *State,* 70 Ohio St., 121, as show by the reading of the syllabus on page 121 and the language of the court on page 124. The entire opinion is *per curiam.*

The other three cases against Mr. Walder, below, were also based upon claimed violation of the Rose law. He is charged with selling and furnishing beer, lager beer, in this county, and the evidence clearly discloses that the liquor which was sold or furnished was of that character. We think that the evidence in this case sustains the conviction. His claim is, that when the Rose law went into effect, he was in a sense left stranded here in Fulton county with a stock of liquor on hand of which it was necessary he should in some way rid himself, and that in order to do so he attempted to sell them in another county, and that the sales of which the complaint was made were really not sales in this county at all. But it seems that after the transporting of the beer from his establishment in this county to the sister county it was retransported to Fulton county and there distributed or delivered to buyers. We think that the sales were completed in this county by the delivery, that the procedure was but an evasion of the law, and that he was rightly prosecuted and convicted in Fulton county.

It is urged that the sentences are excessive, but we have repeatedly held that no power is given under our statutes for setting aside sentences upon the motion that they are excessive where

the trial court has confined itself within the limits provided by law and has exercised only that discretion which the law has given it. It perhaps is not necessary in this case to decide whether or not there might be an extraordinary sentence imposed such as to be an abuse of discretion, but at any rate we are not disposed in this case to set aside this sentence as excessive.

The judgment will be affirmed in these three cases, Nos. 138, 139, 140, or rather motion for leave to file petition in error will be overruled in these three cases.