By the Court.
Section 4364-9, Revised Statutes, reads as follows: “Upon the business of trafficking in spirituous, vinous, malt or other intoxicating liquors, there shall be assessed yearly, and shall be paid into the county treasury, as hereinafter provided, by every person, corporation, or co-partnership engaged therein, and for each place where such business is carried on by or for such persons, corporation, or co-partnership, the sum of one thousand dollars.”
This action was commenced by the plaintiff in error as treasurer of Guernsey county to collect an assessment on the duplicate against the defendant John Murray, and charged against the property in which he had conducted the business of trafficking in malt liquors, being the property of Bessie Murray, the other defendant. The defendants answered, averring that neither of them, nor anyone had engaged in trafficking in intoxicating *479 liquors on said premises. The case.was submitted on an agreed statement of facts, in which it was admitted that the defendant John Murray had sold on the premises, from December 11, 1908, to February . . ., 1909,' what is known as “Friedon Beer,” a malt liquor containing forty-seven one hundredths of one per. cent, of alcohol, but not intoxicating, and that no liquor had been sold on the premises.
The court found for the plaintiff and entered judgment for $298.11, being $200 tax, $90.11 penalty, and $8.00 collection fee, and adjudged the same a lien on the premises. On error the circuit court reversed and dismissed the petition.
The section originally was Section 1 of the Dow law passed in 1886 (83 O. L., 157), and it read then as it does now, excepting that the word any was used in the place of the word other (malt, or any intoxicating liquors), and the amount of the tax was two' hundred dollars, and then followed this proviso: “Provided, if such business continues through the year, to-wit: from the fourth Monday in May exclusively, in the trafficking in malt or vinous liquors, or both, such assessment shall be but one hundred dollars.”
In 1888 (85 O. L., 117), the act was amended by increasing the tax to $250 and omitting the proviso. The section was again amended in 1896 (92 O. L., 34), by raising the tax to $350. The section as it then read was construed in 1903 in State of Ohio, ex rel. Guilbert, Auditor of State, v. Kauffman, Auditor of Montgomery County, 68 Ohio St., 635, where it is said: “Section 4364-9, Revised Statutes, imposes a tax on the business of trafficking in any intoxicating liquors, and also *480 on the business of trafficking in spirituous, vinous or malt liquors. The generic term 'malt liquors’ -includes both non-intoxicating and intoxicating malt liquors.”
The only change made by' the amendment of 1906 (98 O. L., 100), when the statute was passed in its present form, was to raise the tax to one thousand dollars and to substitute the word other for any, and it is contended that by this amendment the legislature intended to so change the law as to exempt from the tax vinous and malt liquors that are non-intoxicating.
It is evident from the proviso in the original act that the tax applied to malt liquors and was not limited to malt intoxicating liquors. The legislature dropped the proviso, probably because- it was used to evade the higher tax, and the court rightly interpreted- the statute, although it was then just as forcibly urged as it now is, that the word malt qualified the words intoxicating liquors and not the word liquors. The decision was not grounded upon the use of the word any, and if the legislature intended such an important change as the exemption of non-intoxicating vinous and malt liquors from the tax, it would have clearly expressed its intention, and we must conclude that the meaning of the section was not changed by the substitution of the word other for the word any.
Judgment of the circuit court is reversed and the judgment of the court of common pleas is affirmed.

Judgment reversed.

Summers, C. J., Crew, Spear and Price, JJ., concur.